UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CAROLYN PATTON

    Plaintiff,

V.                              CIVIL ACTION NO

PALISADES COLLECTION LLC

Defendant.                    JULY 16, 2008

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331.

3. Plaintiff is a natural person who resides in Baltimore, Maryland.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant has a place of business in Englewood Cliffs, New Jersey.

7. Defendant communicated with Plaintiff on or after one year before

the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

8. Plaintiff contacted the defendant by telephone on June 23, 2008 and advised the Defendant that she disputed this debt.

9. Plaintiff contacted the Defendant to provide Palisades Collection notice of her dispute so the Defendant would no longer assume this debt was valid.

10. Defendant advised the Plaintiff in that same conversation that her dispute must be put in writing, in conflict with a previous communication that advised Plaintiff she could orally dispute this debt.

11. Defendant advised Plaintiff that she was required to prove that she had a valid dispute in order for Defendant to accept Plaintiffs dispute.

12. Defendant advised Plaintiff that they intended to report her account to Credit Bureaus and would not list the account as disputed by the Plaintiff.

13. Defendant requested Plaintiff's home address so the Defendant could validate the account.

14. Plaintiff advised the Defendant that she did not want to provide her home address to the Defendant.

15. Defendant advised Plaintiff that unless she provided her home address she

would not take Plaintiff's dispute.

16. Defendant advised Plaintiff " we can get your address even if you don't want us to have it." Plaintiff asked Defendant "how?" Defendant did not respond.

17. Plaintiff advised Defendant that she did not want Palisades Collection to validate this account, she wanted Palisades to note her account as disputed and when reported again, to inform the credit bureaus of her dispute.

18. Defendant advised Plaintiff this debt would remain on plaintiffs account without any reference to Plaintiff's dispute.

19. Defendant was abusive and demeaning to Carolyn Patton and stated prior to hanging the phone up on the Plaintiff, "you are just playing games, you're not serious, when you are serious about paying your bills, call me back."

20. Defendant has inadequate procedures in place to avoid violations of the FDCPA with regard to disputed debts and reporting these disputed debts to credit bureaus.

21. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f, and g.

**WHEREFORE Plaintiff respectfully requests this Court to:**

1. Award Plaintiff statutory damages pursuant to the Fair Debt Collection

Practices Act 15 U.S.C. §1692 et seq.;

2. Award the Plaintiff costs of suit and a reasonable attorney's fee;

3. Award and such other and further relief as this Court may provide.

                    THE PLAINTIFF

BY _____
Bernard T. Kennedy, Esquire
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com